# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-CR-34-13 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PHILLIP BLOUGH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Now before the Court is defendant Phillip Blough's ("Blough") motion for judgment of acquittal (Doc. No. 257 ["Mot."].) For the reasons set forth herein, Blough's motion for judgment of acquittal is DENIED.

## I. BACKGROUND

On November 5, 2018, Blough proceeded to trial in this matter. He was charged with the following offenses: (1) one count of conspiracy to possess with intent to distribute and distribute cocaine; (2) three counts of using a telephone to facilitate the commission of a felony controlled substance offense; (3) one count of possession with intent to distribute cocaine; and (4) one count of possession of a firearm in furtherance of a drug trafficking crime.

Following the conclusion of all the evidence, Blough moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a) with regards to all charges. The Court overruled these motions and the jury subsequently returned a guilty verdict as to all six counts.

Blough renewed his Rule 29 motion by filing this timely motion for judgment of acquittal. The government has followed a brief in opposition. (Doc. No. 269 ["Opp'n"].) The matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

If the defendant moves for a judgment of acquittal after the conclusion of all the evidence, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). "Under the *Jackson v. Virginia* standard, a reviewing court does 'not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury.'" *Id.* (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). "'Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt.'" *Id.* (quoting *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004)).

## III. DISCUSSION

In his Rule 29(c) motion, Blough contends that the evidence produced by the government was insufficient to sustain the guilty verdicts and the jury instructions, that included case law from *United States v. Kelsor*, 665 F.3d 684, 693 (6th Cir. 2011), were erroneous. Blough offered these same arguments in his original, oral motion, and the Court considered and rejected both on the record. The renewed motion fails for the same reasons as the original motion, and the Court expressly incorporates its earlier bench ruling in full in denying the renewed motion.

**Count 39**

Count 39 charged Blough with knowingly and intentionally conspiring to possess with intent to distribute and to distribute cocaine. For the jury to find Blough guilty of this offense, the government had to prove beyond a reasonable doubt that (1) two or more persons conspired, or agreed, to possess with intent to distribute and the to distribute cocaine; and (2) Blough knowingly and voluntarily joined the conspiracy. As evidence, the government presented numerous text messages between Blough and his cocaine supplier, co-defendant Karla Hernandez-Salazar ("Hernandez-Salazar"), in which Blough arranged to purchase cocaine on more than one occasion. Surveillance footage from a camera outside of Hernandez-Salazar's house showed Blough coming and going around dates and times that corresponded with his text messages asking to purchase drugs. Testimony from MEDWAY Office Joshua Hunt supported the conclusion that Blough was conspiring to purchase drugs. Moreover, Blough admitted during a recorded statement with investigators that he bought and sold cocaine.

The government presented sufficient evidence to uphold the jury's guilty verdict as to count 39.

**Counts 55, 62, and 64**

Counts 55, 62, and 64 charged Blough with the unlawful use of a communication facility, to wit: a telephone, to facilitate the commission of a felony controlled substance offense. For the jury to find Blough guilty on these counts, the government had to prove beyond a reasonable doubt that (1) Blough knowingly used a telephone as charged; and (2) Blough used the telephone with the intent to facilitate the commission of the felony offense of conspiracy to possess with intent to distribute and to distribute a controlled substance; and/or of possession with intent to distribute cocaine. As evidence, the government presented text messages between Blough and Hernandez-

Salazar from October 11, 21, and 23, 2017, which showed Blough using a cell phone to purchase drugs and advance the charged cocaine conspiracy.

The government presented sufficient evidence to uphold the jury's guilty verdicts as to counts 55, 62, and 64.

**Count 79**

Count 79 charged Blough with possession of cocaine with intent to distribute. For the jury to find Blough guilty of this offense, the government had to prove beyond a reasonable doubt that (1) Blough knowingly possessed cocaine; and (2) Blough intended to distribute cocaine. As evidence, the government presented text messages demonstrating that Blough asked for and purchased cocaine from Hernandez-Salazar. Blough stipulated at trial that the cocaine found in his bedroom weighed approximately twenty grams. Detective Michael Schmidt of the Akron Police Department offered testimony that twenty grams is consistent with possession with intent to sell cocaine. Moreover, Blough admitted during a recorded statement with investigators that he bought and sold cocaine.

The government presented sufficient evidence to uphold the jury's guilty verdict as to count 79.

**Count 80**

Count 80 charged Blough with knowingly possessing a firearm in furtherance of a drug trafficking crime. For the jury to find Blough guilty of this offense, the government had to prove beyond a reasonable doubt that (1) Blough committed the crimes charged in counts 39 and/or count 79—drug trafficking crimes which may be prosecuted in a court of the United States; (2) Blough knowingly possessed a firearm; (3) the possession of the firearm was in furtherance of the crimes charged in counts 39 and/or 79. To prove Blough committed the offenses charged in counts 39 and

4

79, the government relied on its previously presented evidence. To prove the "knowingly" element of the charge, the government offered evidence that the firearms were found in his bedroom and evidence that Blough admitted in a recorded statement with investigators that the firearms were his.

To prove that the firearms were used in furtherance of a drug conspiracy, the government presented evidence concerning the location of the charged firearms—specifically their locations in relation to the cocaine, evidence that the guns were loaded—one gun even having a bullet in the chamber, evidence of a camera in Blough's bedroom, and Blough's own statements to investigators.

The government presented evidence that the charged firearms were strategically located so the firearms could be quickly and easily available for use: a loaded Smith and Wesson—with one bullet in the chamber—was located in the same dresser as the cocaine; a loaded CZ pistol was found on the closet shelf, near a box of cash, and positioned in a way that Blough could easily grab it; a loaded Benelli shot gun was propped up outside Blough's bedroom door, which he could retrieve if he needed to run out of the house; a loaded Charter Arms revolver was under Blough's mattress and available for use if he woke up and needed a firearm quickly.

The government also presented testimony that three of the charged firearms were of the type consistent with close quarter combat, as opposed to other uses, such as hunting.

Further, the government presented evidence from Blough's recorded statements with investigators that he feared the people who he was interacting with through his drug dealing. In fact, Blough voiced concern that he thought he was dealing with a Mexican drug cartel.

Blough argues that the government's evidence merely shows that guns were present in the place where drugs were likewise present. Blough is correct, and the jury was properly instructed

5

that, "the mere presence of a firearm in an area where a criminal act occurs in not a sufficient basis for establishing the elements of possession of a firearm in furtherance of a drug trafficking crime." However, Blough argues that it was an error for this Court to include in the jury instructions a directive from the Sixth Circuit's *Untied States v. Kelsor* decision stating, "You may also consider whether the defendant possessed a firearm for protection against robbery in the context of an ongoing narcotics distribution operation." *See Kelsor*, 665 F.3d at 693. Blough argues that this instruction was erroneous solely because it is not included in the Sixth Circuit's pattern jury instructions.

In its jury instructions, this Court is not limited to the language in the Sixth Circuit's pattern jury instructions. "A trial court has broad discretion in crafting jury instructions[.]" *United States v. Ross*, 502 F.3d 521, 527 (6th Cir. 2007). The Court's jury instructions are proper so long as they "fairly and adequately" submit the issues and law to the jury. *See United States v. Williams*, 952 F.2d 1504, 1512 (6th Cir. 1991); *see, e.g.*, *United States v. Bucheit*, 134 F. App'x 842, 857 (6th Cir. 2005) (finding district court's jury instructions that "generally track[ed] the Sixth Circuit pattern . . . instructions," but which "even more closely track[ed] the elements . . . as stated in [Sixth Circuit] case law" were proper).

Here, the Court relied on the pattern instructions and Sixth Circuit decisions to instruct the jury on the proper law. The Court incorporated more than just the *Kelsor* decision in its jury instructions. The Court also incorporated the Sixth Circuit's *United States v. Mackey*, 265 F.3d 457, 461–62 (6th Cir. 2001), decision—an inclusion to which the Blough did not object.[1]

---

[1] The Court incorporated the *Mackey* decision for the instruction that,

> [T]he mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for establishing the elements of possession of a firearm in furtherance of a drug trafficking crime. In addition, generally, the mere possession of a firearm on the same premises as a drug transaction,

The jury instructions fairly and adequately submitted the issues and the law to the jury. As such, this Court's jury instructions, including the decision from *Kelsor,* were not erroneous. Moreover, the government presented sufficient evidence to support the jury's guilty verdict as to count 80.

## IV. CONCLUSION

For the reasons set forth above, the jury instructions fairly and adequately submitted the issues and the law to the jury. The evidence, direct and circumstantial, fully supports the jury's verdict of "guilty" as to each charge. As such, Blough's renewed Rule 29 motion is DENIED.

**IT IS SO ORDERED**.

Dated: January 2, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

without a showing of a connection between the two, is not a sufficient basis for establishing the elements of possession of a firearm in furtherance of a drug trafficking crime.

*See Mackey*, 265 F.3d at 461–62 ("[T]he possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a [in furtherance of a drug conspiracy] conviction.") ("The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis . . . ." (quoting H.R. REP. NO. 105-344 (1997)).

The Sixth Circuit did not include the language from *Mackey* in its pattern jury instructions but did discuss this language in the committee commentary. *See* Sixth Circuit Pattern Instruction § 12.03 (commentary).