UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-cr-34-13 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| PHILLIP BLOUGH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Phillip Blough ("Blough") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 381.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 386.) For the reasons that follow, Blough's motion to vacate is denied.

**I. BACKGROUND**

On January 17, 2018, an indictment was returned charging Blough and twelve others with conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 10.) Blough was also charged with using a communications device to facilitate drug trafficking activity, in violation of 21 U.S.C. § 843(b); possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possessing firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.*)

Blough proceeded to trial in November 2018, and was represented by Attorney Brian Pierce.[1] (CJA 20 Appointment, 1/22/2018.) After a three-day jury trial, Blough was convicted on

---

[1] Attorney Pierce died in 2019.

all counts. (*See* Doc. Nos. 238–243 (Jury Verdicts).) On February 20, 2019, the Court sentenced Blough to an aggregate term of imprisonment of 76 months. (Doc. No. 302 (Judgment).) Blough took a direct appeal, represented by new counsel. His appeal was limited to challenging the gun conviction, arguing that the Court's jury instruction on that charge was erroneous and that the evidence as to that count was insufficient. *United States v. Blough*, 832 F. App'x 961 (6th Cir. 2020). In an October 26, 2020 decision, the Sixth Circuit rejected both arguments and affirmed the Court's judgment. *Id*. at 962.

On September 21, 2021, Blough filed the present motion to vacate. In his motion, he alleges in conclusory fashion that he received ineffective assistance from trial counsel. In particular, he claims that Attorney Pierce was ineffective by (1) not offering any "counter exhibits" at trial; (2) misleading him by advising it was not possible to plead guilty to the drug counts and go to trial on the gun count; (3) not fully reviewing discovery with him; and (4) not filing a motion to suppress. (Doc. No. 381, at 4.[2]) The government opposes each asserted ground for relief and insists that Blough received effective assistance from counsel.

**II.     STANDARD OF REVIEW**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

The movant bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). Vague and conclusory claims that are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *see Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The burden borne by a § 2255 petitioner to obtain a hearing is not especially onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, a petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle him to federal habeas relief. *See*

*McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at a hearing); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine*, 488 F.3d at 334 (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

Moreover, a hearing is not necessary when a petitioner's claims "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Id.* (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where, as here, the judge considering the § 2255 motion also presided over the trial, the judge may rely on her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. As set forth in detail below, Blough has failed to identify facts that, if true, would entitle him to relief under § 2255. Moreover, many of the arguments offered by Blough in support of the present motion are either contradicted by the record, or are adverted to in a perfunctory and conclusory manner, preventing further review by this Court.

4

### III. DISCUSSION

Blough grounds his claims in the Sixth Amendment right to effective assistance of counsel. "To prevail on an ineffective-assistance-of-counsel claim, [Blough] must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Wingate v. United States*, 969 F.3d 251, 255 (6th Cir. 2020). Specifically, Blough must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *see also Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The Court may address the *Strickland* prongs in any order, and need not address both prongs if Blough "makes an insufficient showing on one." *See Wingate*, 969 F.3d at 955 (quotation marks and citation omitted).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland*, 466 U.S. at 689. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*. Indeed, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687–88; *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987); *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) ("Counsel is constitutionally

5

ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won.") (citing *Strickland, supra*.)

Blough's motion is brief, comprising a single paragraph in which he alleges, in toto, that:

> During pre-trial conversations Mr. Pierce misled me by telling me that it was not possible to plea [sic] guilty to the drug counts and go to trial on the gun count. At sentencing Judge Lioi clearly stated that I could have done just that and a partial plea was possible (see attached). Another pre-trial issue I had with Mr. Pierce is that he did not fully cover the discovery material with me. He showed me a body cam video with no audio and said nothing of importance was on it, which was incorrect. When showed in full the video would discredit the prosecutions claims that I feared robbery which was the sole grounds for the 924(c) conviction. Mr. Pierce also failed to file a motion for suppression of evidence based on a clear violation of my 4th Amendment right in which the warrant did not contain the address that was actually searched. Which again could be validated by showing the body cam footage in full. Mr. Pierce also fail [sic] to file any counter exhibits to further our defense and in conclusion with the combination of listed issues Mr. Pierce was ineffective in representing me.

(Doc. No. 381, at 4.) The Court will address each of the four ways Blough claims his trial counsel was ineffective, beginning with the least developed argument.

**A. Failure to Offer "Counter Exhibits"**

The Court may dispense quickly with Blough's claim that trial counsel "fail[ed] to file any counter exhibits to further [his] defense[.]" (Doc. No. 381, at 4.) While the Court must construe a *pro se* petition liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), even a *pro se* litigant must set forth facts that entitle him to relief. *See generally O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (noting that a movant must set forth facts which entitle him to relief when making a motion to vacate or set aside a judgment under § 2255).

Here, Blough makes no effort to identify any potential "counter exhibits" that could have been offered, or explain how any such exhibits would have changed the outcome of the jury trial.

Case law does not require the Court to guess the factual basis underpinning a defendant's claims or construct legal arguments on his behalf. Indeed, it is well settled that perfunctory and undeveloped arguments, "unaccompanied by some effort at developed argumentation[,]" are waived. *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017) (citation omitted); *see United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court . . . to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quotation marks and citations omitted). Additionally, such arguments do not comply with the Rules Governing Section 2255 Proceedings for the United States District Court. Rule 2(b) requires that a motion must, among other things, "state the facts supporting each ground" for relief. Because Blough fails to give sufficient notice to the Court or the government as to how he believes counsel was ineffective for failing to offer unknown exhibits, he is entitled to no relief on this claim.

### B. Failure to Advise to Plead Guilty to Certain Counts

In another undeveloped and factually deficient argument, Blough maintains that trial counsel misled him into believing that he could not plead guilty on the drug counts and proceed to trial only on the gun count. (Doc. No. 381, at 4.) In support of this claim, he offers no details, such as the date or content of any discussions he had with trial counsel on this subject. Instead, he relies entirely upon an exchange between counsel and the Court at sentencing:

> MR. PIERCE: I won't belabor this, Judge. I guess my point was Mr. Blough didn't— he had six charges, Judge, and we stood up during trial, we weren't going to trial because we were contesting that he was trafficking in drugs. I stood up in opening and conceded that he was a drug dealer. Our defense was consistent with the fact that he violated the law and was guilty of five of those six counts. Our sole purpose in trying this case and the sole purpose in appealing the case is we firmly believe that the firearms were not in furtherance. Obviously the jury disagreed. I felt that there should be some credit for partial acceptance. I don't have any case law to

7

>support that, Judge. It was more of an equity argument. I'm not going to belabor it any more than what I just said.
>
>THE COURT: You still put the government to its burden of proof at trial. Whether— I mean, you could have entered a plea to the other counts and just tried the gun count, but you did put the government to its burden, correct?
>
>MR. PIERCE: I did.

(Doc. No. 328 (Trial Transcript), at 3080.)

In this exchange, trial counsel explained his strategy for going to trial on all charges, while focusing the defense on the gun count. Importantly, Blough does not suggest that trial counsel failed to discuss with him the plan to essentially concede the drug counts to establish credibility with the jury, and courts have endorsed such an approach as sound trial strategy. *See Valenzuela v. United States*, 217 F. App'x 486, 490 (6th Cir. 2007) (noting that concessions of guilt by trial counsel may constitute reasonable trial strategy, provided that counsel consulted with the defendant prior to employing the strategy) (collecting cases); *see also Nichols v. United States*, Nos. 1:04-cr-68, 1:06-cv-183, 2009 WL 921137, at *6 (E.D. Tenn. Apr. 1, 2009) ("Counsel's strategic decision to concede certain facts, to maintain credibility with the jury is reasonable under the performance prong of *Strickland*." (collecting cases)). Blough's vague and cryptic reference to the discussion at the sentencing hearing fails to overcome the strong presumption that is to be afforded to trial counsel's trial strategy. *See Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955) (Decisions that "might be sound trial strategy" do not constitute the ineffective assistance of counsel.)

Of course, even if trial counsel did err in advising Blough that he could not proceed to trial solely on the gun charge, such an error would not "warrant setting aside the judgment of [the] criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73

F.3d 81, 84 (6th Cir. 1996) (quotation marks and citation omitted); *see Morrow*, 977 F.2d at 229. And here, the record does not support a finding that the final judgment would have been any different. Even if Blough had elected to plead guilty to the drug offenses and proceed to trial solely on the gun charge, the jury still would have seen and heard evidence of his drug trafficking activities. Count 80 of the indictment charged a violation of 18 U.S.C. § 924(c). As the government notes, this gun charge, like all offenses charged under this statute, was intertwined with the charged drug offenses. In particular, Count 80 charged that Blough possessed numerous firearms "in furtherance of drug trafficking crimes," as set forth in Counts 39 and 79 of the indictment. (Doc. No. 10, at 90.) Accordingly, regardless of whether Blough pled guilty to the drug charges, the government would have still had to prove that the guns were used in furtherance of drug trafficking, making the admission of evidence at trial of Blough's drug trafficking inevitable. Moreover, because the type of drug activity conducted was a relevant consideration for the jury in determining whether the weapons were possessed in furtherance of drug trafficking, the specific drug trafficking activity would also have been properly introduced at trial. *See United States v. Mackay*, 265 F.3d 457, 462 (6th Cir. 2001) ("Other facts that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, *the type of drug activity conducted*, and the time and circumstances under which the firearm was found." (citation omitted, emphasis added)). Because the same evidence would have been offered at trial, Blough cannot establish that

pleading guilty to the drug charges would have resulted in a different outcome on the gun charge.[3] Blough is entitled to no relief on this claim.

### C. Failure to Review Discovery

Blough also argues that trial counsel was ineffective because he "did not fully cover the discovery material with [him]." (Doc. No. 381, at 4.) His only effort at development of this argument is his suggestion that counsel showed him the officer's body camera footage without the audio. (*Id.*) According to Blough, "[w]hen showed in full[,] the video would discredit the prosecution[']s claims that [Blough] feared robbery which was the sole grounds [sic] for the 924(c) conviction." (*Id.*) However, Blough does not explain how viewing the video with or without audio would have discredited the government's position that the guns were possessed in furtherance of a drug crime. For this reason alone, this perfunctory argument is insufficient to demonstrate his entitlement to relief. *See also Thomas*, 849 F.3d at 679 ("A party waives issues that he adverts to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (citing *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016)). In fact, the video with the audio *was* played for the jury by the government at trial. Clearly, the jury did not find, as Blough now suggests, that the audio portion of the recording discredited the government's position as to the purpose of the guns in this case.

In any event, Blough cannot demonstrate prejudice for the additional reason that the evidence at trial on the subject of the guns' purpose was substantial. During the course of the trial,

---

[3] To the extent that Blough is suggesting that his sentence would have been different had he entered partial pleas, the argument is likewise without merit. There is no basis for awarding acceptance of responsibility for pleading to some but not all counts. *See United States v. Vanhoose*, 446 F. App'x 767, 771 (6th Cir. 2001) ("To be eligible for an acceptance of responsibility credit, a defendant must accept responsibility as to all counts charged.") (citing *United States v. Chavis*, 296 F.3d 450, 465 (6th Cir. 2002)).

the jury learned that multiple loaded weapons were found strategically placed throughout the residence. (Doc. No. 326 (Trial Transcript), at 45–61.) Detective Michael Schmidt testified that, because drug trafficking is an inherently dangerous activity and the likelihood of being robbed is significant, drug dealers typically keep loaded weapons within reach in places where they are likely to be, rather than in safes and other inaccessible locations. (*Id*., at 81–82.) Indeed, in rejecting his challenge on direct appeal to the sufficiency of this evidence, the Sixth Circuit noted that it could not "say that no rational trier of fact could have found beyond a reasonable doubt that Blough's possession of the firearms was 'in furtherance of' his drug-trafficking crimes." *Blough*, 832 F. App'x at 966.

Because Blough has failed to demonstrate that counsel was deficient in failing to adequately review discovery with him or that this alleged failure would have changed the outcome of the trial on the gun charge, this claim is denied.

### D.  Failure to File a Motion to Suppress

Finally, Blough complains that trial counsel "failed to file a motion for suppression of evidence based on a clear violation of [his] 4th [A]mendment right in which the warrant did not contain the address that was actually searched." (Doc. No. 381, at 4.) In order to prevail on an ineffectiveness motion based on the failure to test the constitutionality of a search, the defendant must prove both that the "'Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)); *see Robinson v. Howes*, 663 F.3d 819, 825 (6th Cir. 2011) (A court must assess the merits of the

11

unpursued Fourth Amendment claim to determine whether counsel was constitutionally competent. quotation marks and citation omitted)). Blough cannot meet his burden of proof.

Contrary to Blough's representations, the search warrant *does* contain the address that was to be searched. Specifically, the face of the warrant indicates that the residence described in Attachment A, and incorporated therein by reference, was the address to be searched. (*See* Doc. No. 386-1, Attachment A, at 1.) Attachment A provides both the street address—3601 Eby Rd., Smithville, Ohio 44677—and a detailed description of the residential structure and the grounds surrounding the structure. (*Id*., at 2.) It is appropriate to provide information in an attachment to the warrant. *See United States v. Lazar*, 604 F.3d 230, 236 (6th Cir. 2010) (noting that the incorporation of an attachment need not even be done by express reference to be considered part of the search warrant) (citations omitted). Accordingly, any suppression motion challenging the search on this basis would have failed, and the fruits of the search would have still been admitted at trial.[4]

Counsel is not required to file non-meritorious motions. *See Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010) (counsel was not ineffective for failing to raise patently frivolous arguments); *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2004) (the required showing of prejudice for an ineffective assistance of counsel claim cannot be made if the unasserted argument lacks merit). Because a suppression motion on Blough's proposed ground would have failed, Blough cannot

---

[4] A suppression motion would have failed for the additional reason that both defendant and his father, the owner of the residence, consented to the search. (*See* Doc. No. 386-2 (Consent to Search).) Defendant has not suggested—let alone demonstrated—that the consent he and/or his father gave police for the search was involuntary, such as where it amounted to "no more than acquiescence to a claim of lawful authority." *See Bumper v. N.C.*, 391 U.S. 543, 549, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973) (Where valid consent is given, a search is permissible under the Fourth Amendment even without a warrant or probable cause).

demonstrate either prong of the *Strickland* test for ineffectiveness. *See United States v. Ealy*, No. 1:05-cr-58, 2007 WL 2904028, at *1 n.2 (W.D. Mich. Oct. 1, 2007) ("It is obvious, however, that an attorney has an ethical duty not to raise frivolous arguments . . . the failure to raise a frivolous argument cannot violate *Strickland* standards nor cause prejudice warranting relief."). This final ground for relief is denied.

## IV. CONCLUSION

For the foregoing reasons, Blough's motion to vacate, set aside, or correct his sentence is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: November 14, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**